UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 3 0 2014
Clerk, U.S. District and
Bankruptcy Courts

WALTER B. MORTON, JR., )
)
Plaintiff, )
)
v. ) Civil Action No. 14-193
)
ISAAC FULWOOD, *et al.*, )
)
Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff has requested, and the defendants have denied, a reduction of his minimum sentence under 28 C.F.R. § 2.76. He brings this action under 42 U.S.C. § 1983 against the Chair of the United States Parole Commission and two Commission staff members, demanding not only a court order directing the United States Parole Commission to grant him an early parole hearing but also an award of $120,000 as compensation for earnings he must forgo if he were to remain incarcerated. Insofar as the plaintiff seeks to advance his release date, his claim sounds in habeas. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) ("[W]e hold that a federal prisoner need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

1

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The plaintiff currently is incarcerated at a federal penitentiary in Coleman, Florida. The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who has not been named a defendant to this action. Moreover, this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Assuming without deciding that the plaintiff alleges a viable constitutional claim, this district is not the appropriate forum for its resolution. Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

DATE: January 27, 2014